

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Texas Unemployment Compensation Commission
Brown Building
Austin, Texas

Gentlemen:

Opinion No. 0-2781
Re: Authority of Unemployment Compensation Commission of Texas, under Article 5221c-9 (e) and 9 (1), Vernon's Annotated Revised Civil Statutes of Texas, to allow access to and inspection of records and reports of Commission concerning employing units, by Collector of Internal Revenue for use in assessing taxes or contributions against said employing units under the pertinent provisions of the Social Security Act.

Your letter of September 25, 1940, submits for the opinion of this department the following question, which we quote therefrom:

"The Texas Unemployment Compensation Commission has received the following letter from Mr. Frank Scofield, Collector of Internal Revenue for the First Collection District of Texas:

"'In connection with the administration of the Federal Insurance Contributions Act and the Federal Unemployment Tax Act, (formerly Titles VIII and IX of the Social Security Act), we have in some few cases found it practically impossible to obtain sufficient records upon which to base our recommendation for assessments of taxes against the employer. In some instances we obtain information from the taxpayer that your office has previously made complete investigation in the same case and has built up records sufficient to justify the assessment and closing of the case.

"' In most of such cases the taxpayer insists that he does not have in his files the complete data covering the audit. In such cases it would be of great assistance to this office if we were privileged to obtain from you a transcript of your audit, or if we were privileged to review your files in the case and obtain the necessary information to serve as a basis for assessment of the taxes.

"'It will be appreciated if you will take this matter up with the proper authorities and advise what steps should be taken in cases of this character where we find it necessary to call upon your office for such assistance.'

"We shall appreciate your opinion as to whether this Commission may make its records available to Mr. Scofield for the purposes indicated in his letter. In this connection, your attention is directed to Subsections 11 (e) and 11 (i) of the Texas Unemployment Compensation Act (Article 5221b-9 (e) and 9(i) Vernon's Revised Civil Statutes)."

Article 5221b-9 (e), Vernon's Annotated Revised Civil Statutes of Texas, provides as follows with respect to the records and reports involved in your inquiry:

"Records and Reports: Each employing unit shall keep true and accurate employment records, containing such information as the Commission may prescribe and which is deemed necessary to the proper administration of this Act. Such records shall be open to inspection and subject to being copied by the Commission or its authorized representatives at any reasonable time and as often as may be necessary. The Commission may require from any employing unit any sworn or unsworn reports, with respect to persons employed by it, which the Commission deems necessary for the effective administration of this Act. Information thus obtained shall not be published or be open to public inspection (other than to public employees in the performance of their public duties) in any manner revealing the employing unit's identity, but any claimant

at a hearing before an appeal tribunal or the
Commission shall be supplied with information
from such records to the extent necessary for
the proper presentation of his claim. Any em-
ployee or member of the Commission who violates
any provision of this section shall be fined
not less than Twenty ($20.00) Dollars, nor more
than Two Hundred ($200.00) Dollars, or imprison-
ment for not longer than ninety (90) days, or
both." (Underscoring ours)

Our opinion No. O-2416, directed to you under
date of June 14, 1940, held that your State Health Officer
came within the exception to the denial of public inspec-
tion of the records and reports described in the above-
quoted statute, because such records were sought in further-
ance of the public health and the control of occupational
health hazards, and he was therefore a public employee in
the performance of his public duties. Although, in the
opinion referred to, the request to examine the records
did not emanate directly from a federal officer or agency,
as in the instance case, it was nevertheless apparent from
the factual statement submitted that the information sought
and gained from the records and reports of the Unemploy-
ment Compensation Commission actually and ultimately, and
through the medium of the State Health Officer of Texas,
came into the knowledge and possession of a federal board
or agency, namely the United States Public Health Service
of Washington, D. C., which was cooperating with the State
Department of Health upon a program of health promotion
and conservation among the industrial groups. To draw the
analogy closer, the United States Public Health Service
was organized under the Federal Security Administration
under Title 6 of the Social Security Act, while the Col-
lector of Internal Revenue in the instant case is seeking
to use the records in question to collect the federal un-
employment tax under Titles VIII and IX of said Social
Security Act.

Therefore, upon the principle established in
the opinion mentioned and upon the bare text of the stat-
ute (which does not limit the opening of the records to
public employees of the State) we are inclined to accord
a liberal and enlarged construction to this exception to
secrecy of the records, and hold that the term "public
employees in the performance of their public duties" in-
cludes as well as proper state officials, all federal of-
ficials, boards and agencies, whose public or statutory

duties under the Constitution of the United States or Acts of Congress, bear some reasonable and proper relation to the Social Security Program, as related to Unemployment Compensation Insurance, so as to render the records and reports of the Unemployment Compensation Commission of Texas necessary and proper for their examination and inspection.

This conclusion is fortified by the following provisions of the Texas Unemployment Compensation Act:

Article 5221b-9 (i) "State-Federal Coopera-tion: In the administration of this Act, the Commission shall cooperate to the fullest extent consistent with the provisions of this Act, with the Social Security Baard, created by the Social Security Act, approved August 14, 1935, as amend-ed;. . . ."

Article 5221b-9a". . . .

"The Commission may afford reasonable co-operation with every agency of the United States charged with the administration of any unemploy-ment insurance law. . . . "

The Federal government and the various states of the Union, including the State of Texas, are engaged in a program of cooperation and mutual assistance for the per-manent solution of the recurrent problems of unemployment common to both sovereignties. An examination of Titles VIII and IX of the Federal Social Security Act, under which the taxes sought to be assessed by the Collector of Internal Revenue are levied, demonstrates that same were enacted by Congress as an inducement to the various states to enact similar legislation for the relief of unemployment, because a credit against the Federal tax is allowed to employing units of the various states for taxes paid to state agencies under state Unemplpyment Compensation Acts. Moreover, Title III of the Social Security Act provides for grants-in-aid to the various states for Unemployment Compensation administrative expenses.

Therefore, we see that the above-quoted provisions of the Texas Unemployment Compensation Act are but declara-tory of the common purpose of the State and Federal govern-ments to mutually assist and cooperate one with the other, in the furtherance of the Social Security Program. Assistance

and cooperation to and with the Collector of Internal Revenue for the First Collection District of Texas along the lines requested by him, is tantamount to cooperation with the Social Security Board, in keeping with this declared policy of the State; because said official, in seeking records to facilitate the assessment and collection of these social security taxes, is acting for the Social Security Board in the effective administration of the Social Security Act.

It is therefore our opinion that the Texas Unemployment Compensation Commission may properly and legally permit and allow Hon. Frank Scofield, Collector of Internal Revenue for the First Collection District of Texas, his deputies and representatives, to inspect and review the complete files or audits of the Commission upon any or all employing units in this State, or obtain transcripts thereof, for the purpose of assessing taxes against such employing units under the applicable provisions of the Social Security Act.

Trusting the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s)     PAT M. NEFF, JR.
Pat M. Neff, Jr.
Assistant

PMN:LM

APPROVED OCTOBER 25, 1940

(s) GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By BWB
Chairman